

# The Attorney General of Texas

December 3, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. A. C. Spencer
Executive Director
Texas State Soil and Water
    Conservation Board
P. O. Box 658
Temple, Texas    76501

Opinion No.    MW-403

Re:  Construction of constitu-
tional dual office exemption
for  directors  of  soil  and
water conservation districts

Dear Mr. Spencer:

You ask:

> 1.  Does  the  constitution  of  the  state  of
> Texas... and Texas law permit a director of a
> local  soil  and  water  conservation  district  to
> serve  on  the  State  Soil  and  Water  Conservation
> Board at the same time?
>
> 2.  Is  it  legal  for  a  local  soil  and  water
> conservation  district  director  to  qualify  and
> serve in the Texas Legislature at the same time?

Soil and water conservation districts are created as governmental
subdivisions of the state pursuant to article XVI, section 59 of the
Texas  Constitution  and  article  165a-4,  V.T.C.S.,  the  State  Soil
Conservation Law.   They  are  public  bodies  corporate  and  politic.
V.T.C.S.  art.  165a-4,  §3(1).   Their  directors  (formerly  called
"supervisors")  are  elected  locally,  except  that  the  two  initial
directors  of  a  district  are  appointed  by  the  Soil  and  Water
Conservation  Board,  a  state  agency  created  by  the  same  legislative
act.   Id.  §§5,6.   Persons  occupying  any  of  the  offices  about  which  you
ask,  legislators,  members  of  the  Soil  and  Water  Conservation  Board,
and  district  directors,  hold  civil  offices  of  emolument.   See  Tex.
Const.  art.  III,  §24;  V.T.C.S.  art.  165-4a,  §§4D,  6(h).   Cf.  Attorney
General Opinion V-1445 (1952).

Section 40 of article XVI of the Texas Constitution generally
prohibits one person from holding at the same time more than one civil
office of emolument.   It has been amended several times to provide for
exceptions,  however,  and  in  1972  it  was  amended  to  make  an  exception
for  officers  of  state  soil  and  water  conservation  districts.

Section 40 of article XVI originally provided:

> No person shall hold or exercise, at the same
> time, more than one civil office of emolument,
> except that of justice of the peace, county
> commissioner, notary public, and postmaster,
> unless otherwise specially provided herein.

Tex. Const. art. XVI, §40 (1876). This straightforward and easy-to-understand provision applied only to civil, not military, officers but the provision has been complicated in the last half century. In 1926, the section was amended to except military offices from the prohibition against holding more than one civil office. The 1972 amendment placed exceptions for directors and other officers of soil and water conservation districts in the proviso applicable to military officers. At the same time a number of other changes were made and other exceptions were created, but none of the others tracked the "military" proviso. See S.J.R. No. 29, Acts 1971, 62nd Leg., at 4133.

Article XVI, section 40 now reads in pertinent part:

> No person shall hold or exercise at the same time,
> more than one civil office of emolument, except
> that of... retired enlisted men of the United
> States Army, Air Force, Navy, Marine Corps, and
> Coast Guard, and the officers and directors of
> soil and water conservation districts, unless
> otherwise specially provided herein. Provided,
> that nothing in this Constitution shall be
> construed to prohibit an officer or enlisted man
> of the National Guard... and retired enlisted men
> of the United States Army, Air Force, Navy, Marine
> Corps, and Coast Guard, and officers of the State
> soil and water conservation districts, from
> holding at the same time any other office or
> position of honor, trust or profit, under this
> State or the United States, or from voting at any
> election, general, special or primary in this
> State when otherwise qualified.... No member of
> the Legislature of this State may hold any other
> office or position of profit under this State, or
> the United States, except as a notary public if
> qualified by law.

The insertion of the new exemptions for directors of soil and water conservation districts so as to be coupled with and parallel to the exemptions for persons occupying military positions is important because the exemption for military persons is more far-reaching than other section 40 exemptions. It provides that "nothing in this Constitution shall be construed to prohibit" certain military officers or enlisted men from holding at the same time any other office or

position of honor, trust or profit under this state or the United States. (Emphasis added). This language has been given a literal interpretation by the Texas Supreme Court. See Cramer v. Sheppard, 167 S.W.2d 147 (Tex. 1942); Carpenter v. Sheppard, 145 S.W.2d 562 (Tex. 1940).

Although none of the reasons recited by these courts for favoring military officers with such an overriding constitutional provision are applicable to directors of soil and water conservation districts, we cannot ignore the extremely broad construction the supreme court has previously given the particular language of section 40, nor the placement of soil and water district officers with respect thereto. We are therefore obliged to advise you that directors of soil and water conservation districts may legally occupy at the same time any other civil office of emolument without violating the constitution, and that no provision contained in the constitution at the time the 1972 amendment was adopted which restricts dual officeholding is applicable to them. See, e.g., Tex. Const. art. II, §1 (separation of powers), art. III, §§18,19 (legislators); art. XVI, §§48 (incompatibility), 65 (candidacy for office).

The 1972 amendment also added the last sentence of section 40, reading: "No member of the Legislature of this State may hold any other office or position of profit under this State, or the United States, except as a notary public if qualified by law." (Emphasis added). It is possible to read the phrase, "other office or position," in a way that avoids another section 40 internal conflict. In order to make the last sentence of the section harmonize with the construction previously given by the supreme court to the "nothing in this Constitution" clause, it should be read as referring to military office or soil and water conservation district office.

The supreme court has not retreated from the views expressed in Cramer v. Sheppard, supra, and Carpenter v. Sheppard, supra, with respect to the "military" exemptions, and we cannot presume it would now rule that legislators who accept positions in the National Guard vacate their legislative posts. Since the constitution requires us to apply to officers of soil and water conservation districts the same constitutional exemptions applicable to officers of the state National Guard, we conclude that directors of local soil and water conservation districts may legally serve on the State Soil and Water Conservation Board. We also conclude that directors of local soil and water districts may legally qualify and serve in the Texas Legislature, at the same time.

## S U M M A R Y

Local soil and water conservation district directors may legally serve on the State Soil and Water Conservation Board at the same time. Such directors may legally qualify and serve in the Texas Legislature at the same time.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
James Allison
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood